# Illinois Official Reports

## Appellate Court

***Mehdaoui v. City of Chicago Department of Administrative Hearings*,
2020 IL App (1st) 182720**

| | |
|---|---|
| Appellate Court Caption | NOR-EDDINE MEHDAOUI, Plaintiff-Appellee, v. THE CITY OF CHICAGO DEPARTMENT OF ADMINISTRATIVE HEARINGS and THE CITY OF CHICAGO DEPARTMENT OF BUSINESS AFFAIRS AND CONSUMER PROTECTION, Defendants-Appellants. |
| District & No. | First District, Fifth Division No. 1-18-2720 |
| Filed | February 7, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-M1-450171; the Hon. Joseph Sconza, Judge, presiding. |
| Judgment | Circuit court reversed; administrative agency order affirmed as modified; appeal dismissed in part. |
| Counsel on Appeal | Mark A. Flessner, Corporation Counsel, of Chicago (Benna Ruth Solomon, Myriam Zreczny Kasper, and Elizabeth Mary Tisher, Assistant Corporation Counsel, of counsel), for appellants. Nor-Eddine Mehdaoui, of Chicago, appellee *pro se*. |

| Panel | JUSTICE DELORT delivered the judgment of the court, with opinion. Presiding Justice Hoffman and Justice Rochford concurred in the judgment and opinion. |

**OPINION**

¶ 1    In this administrative review case, the City of Chicago Department of Business Affairs and Consumer Protection (Business Affairs Department) and the City of Chicago Department of Administrative Hearings appeal from the circuit court's order that reduced the fine imposed against taxicab driver Nor-Eddine Mehdaoui and restored his public chauffeur license. We reverse in part, dismiss in part, and reinstate the Department of Administrative Hearings' order as modified.

¶ 2                                    BACKGROUND

¶ 3    On August 28, 2011, Nick Disabato filed a written complaint with the Business Affairs Department that, on August 22, the driver of taxicab number 4165 drove northbound on Canal Street on the wrong side of the road, cut off the bicycle lane, "and shouted 'greasy scum m***'" at oncoming bicyclists in the Kinzie [Street] track."

¶ 4    On October 27, 2011, the Business Affairs Department cited Mehdaoui, the holder of a public chauffeur license and the driver of the taxicab in question, for several violations stemming from that incident. The notice of violation listed three counts. The first count cited Mehdaoui for violating section 5.08(b) of the City of Chicago Public Chauffeurs Rules and Regulations (Regulations) (City of Chicago Public Chauffeurs Rules and Regulations § 5.08(b) (eff. May 1, 2008)), which requires taxicab drivers to "[n]ot insult, use verbal or non-verbal profane language, or racial slurs around any person." The second count was for violation of section 5.08(d), which requires operation of taxicabs "in a safe and lawful manner at all times," which includes abiding by applicable traffic laws and ordinances. *Id.* § 5.08(d). The third count was for violation of section 5.08(a), which requires taxicab drivers to "[m]aintain a professional demeanor and appearance at all times." *Id.* § 5.08(a). The notice of violation also stated that "[t]he penalties may include suspension or revocation of the Respondent's license" and "[r]evocation of Public Chauffeur License is sought." Each of the three counts and the revocation warning contained citations to section 9-104-040(a) of the Chicago Municipal Code (Chicago Municipal Code § 9-104-040(a)), which authorizes the Commissioner of Business Affairs to issue public chauffeur licenses.

¶ 5    On November 22, 2011, the Department of Administrative Hearings conducted a hearing on the citations. Mehdaoui did not appear and was defaulted. The hearing officer imposed a fine of $1000 on each of the three counts and revoked Mehdaoui's public chauffeur license.

¶ 6    Seven years later, Mehdaoui moved to set aside the default order, claiming he was unaware of the 2011 proceedings. The Business Affairs Department conceded that it had sent notice of the 2011 hearing to the wrong address. A hearing officer vacated the 2011 order and set the case for a future hearing date.

¶ 7    On April 13, 2018, a hearing was conducted on the citations. Disabato testified that on August 22, 2011, he was commuting by bicycle eastbound on Kinzie Street near Canal Street

in Chicago and was almost hit by taxicab number 4165. The taxicab was driving down the wrong side of the road into the oncoming lane of traffic and continued through the intersection after it "almost sideswiped" Disabato. The driver "called [Disabato] a f***, told him to 'f*** off,' or something like that."

¶ 8    For his part, Mehdaoui claimed that he did not remember the incident but accused Disabato of "changing his testimony" because the obscenity that Mehdaoui allegedly uttered at Disabato varied between a 311 city services incident report admitted into evidence and Disabato's live testimony. Mehdaoui told the hearing officer that he no longer worked as a taxicab driver. Documentary evidence in the record showed that, at the time in question, Mehdaoui was the driver of cab number 4165.

¶ 9    The hearing officer found Mehdaoui liable on the charges of using abusive language (count I) and unsafe driving (count II). She found him not liable for discourteous conduct (count III), finding that the charge was duplicative of the abusive language count. She explained that she found Disabato to be a "very credible" witness, in part because "almost being hit by a car is something that would stick in your mind."

¶ 10    As evidence in aggravation, the Business Affairs Department presented copies of earlier orders finding Mehdaoui liable for various infractions. Each was accompanied by the citizen complaint that had precipitated the citation at issue. Each complaint alleged conduct similar to that at issue in this case. On August 3, 2010, Mehdaoui was found liable for discourteous conduct and fined $300 after a pedestrian complained that Mehdaoui failed to yield the right-of-way and made an obscene gesture at the pedestrian. On July 13, 2010, Mehdaoui was fined $750 for two violations after a dissatisfied passenger complained that Mehdaoui was shoving him in anger, until a bystander came and helped prevent the violence from escalating. Mehdaoui left the scene before police arrived. On March 4, 2011, Mehdaoui was fined $300 after a motorist complained that Mehdaoui "accelerated hard" without warning, passed the motorist on the right, and swerved into the middle lane, missing the motorist's front bumper by inches and cutting him off. According to the motorist, Mehdaoui continued to accelerate and move between lanes "for the next block—following cars a foot or two behind their bumpers until he could swerve around them." The Business Affairs Department also presented an internal record reciting that Mehdaoui had eight complaints against him from January 1, 2007, to September 1, 2010, that he was on the "MULTIPLE CSR CAB COMPLAINTS LIST," and that no one should issue him a license without conferring with certain named officials.

¶ 11    At the hearing, counsel for the City stated that the maximum fine permitted in 2011 was $1000 but that the City had since lowered the maximum to $400. Since the higher fine was still permissible for violations that occurred when it was in force, counsel stated he would leave the issue of which fine to impose at the hearing officer's discretion.

¶ 12    The hearing officer then issued a final order on behalf of the Department of Administrative Hearings finding Mehdaoui liable for ordinance violations and imposing $1000 fines on counts I and II, for a total of $2000. The order also revoked Mehdaoui's public chauffeur license.

¶ 13    Mehdaoui timely filed a complaint for administrative review of the order. The City filed the record of the proceedings as its answer to the complaint pursuant to section 3-106 of the Code of Civil Procedure (Code) (735 ILCS 5/3-106 (West 2016)). The circuit court set a briefing schedule on the complaint and heard arguments. The court (1) affirmed the finding of liability as to count I but reduced the fine to $100, (2) affirmed the finding of liability as to

count II but reduced the fine to $200, (3) reversed the order revoking Mehdaoui's license, and (4) ordered the clerk of the circuit court to refund the $321.41 in court costs that Mehdaoui had paid. The Business Affairs Department and the Department of Administrative Hearings moved to reconsider the order, but the court denied that motion. This appeal follows.

¶ 14                                     ANALYSIS

¶ 15      On appeal, the Business Affairs Department and the Department of Administrative Hearings have filed a joint notice of appeal and a joint brief. We first address the appeal as to the Department of Administrative Hearings. An administrative agency that hears the matter in the first instance is a necessary party to a complaint for administrative review. *Id.* § 3-107(a). However, our supreme court has stated that the "normal rule" is that the "agency has no standing to appeal a decision reversing its own decision." *Braun v. Retirement Board of Firemen's Annuity & Benefit Fund*, 108 Ill. 2d 119, 128 (1985). There is a narrow exception to this rule under which agencies that are granted "extensive managerial responsibilities" so that they are "more than a tribunal" may appeal the reversal of their own decisions. *Id.* This exception has been applied to agencies that have roles other than merely adjudication, such as pension boards, which have a fiduciary rule in preserving fund assets (*id.*) and the Department of Employment Security, which is statutorily authorized to administer funds appropriated for benefit payments. *Petrovic v. Department of Employment Security*, 2016 IL 118562, ¶ 19.

¶ 16      As its name implies, the City of Chicago's Department of Administrative Hearings is established essentially, and solely, as a large court system. See *Stone Street Partners, LLC v. City of Chicago Department of Administrative Hearings*, 2014 IL App (1st) 123654, ¶ 10. It does not have managerial responsibilities in the same manner as a pension board or the Department of Employment Security. See Chicago Municipal Code § 2-14-010 *et seq.* (amended Apr. 10, 2019). Accordingly, we dismiss the Department of Administrative Hearings appeal. However, it remains a proper party to the appeal as required by section 3-107(a) of the Code (735 ILCS 5/3-107(a) (West 2016)) and may file a brief in support of its own reasoning and decision. See, *e.g.*, *Zurek v. Franklin Park Officers Electoral Board*, 2014 IL App (1st) 142618, ¶ 106 (holding that an electoral board that did not have standing to appeal nonetheless could file a brief in the circuit court).

¶ 17      On appeal, the defendants contend that the circuit court erred in modifying the sanctions against Mehdaoui because they were not arbitrary or unreasonable. They further contend that, if the circuit court found that the fines were too high, it could not modify the fines on its own. Instead, they argue that the court could only remand the case back to the agency for further proceedings in light of the circuit court's determination.

¶ 18      Section 2-14-102 of the Chicago Municipal Code provides that all final administrative decisions of the Department of Administrative Hearings are subject to judicial review pursuant to article III of the Code, also known as the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2016)). The Administrative Review Law provides that judicial review extends to all questions of law and fact presented by the entire record. *Id.* § 3-110. In a case arising under the Administrative Review Law, we review the decision of the administrative agency, not that of the circuit court. *Exelon Corp. v. Department of Revenue*, 234 Ill. 2d 266, 272 (2009).

¶ 19      This court will not reverse an agency's choice of sanction merely because we would have selected a more lenient sanction had we made the initial determination. *Launius v. Board of Fire & Police Commissioners*, 151 Ill. 2d 419, 436 (1992). Rather, we review the sanction

imposed by the agency for abuse of discretion and reverse only if it is arbitrary and capricious or if the sanction is overly harsh in view of mitigating circumstances. *Kazmi v. Department of Financial & Professional Regulation*, 2014 IL App (1st) 130959, ¶ 21.

¶ 20 Here, the Department of Administrative Hearings revoked Mehdaoui's public chauffeur license and imposed fines totalling $2000. At the time of the hearing, Mehdaoui had accumulated a significant record of violations, all for similar offenses, over the course of only eight months. The citation at issue here resulted in, at least, Mehdaoui's fourth culpable offense. The City's public chauffeur ordinance authorizes the commissioner of the Business Affairs Department to promulgate the regulations at issue "to facilitate a safe environment for licensees, passengers and the public, and in order to promote orderly, efficient, and professional conduct by licensees." Chicago Municipal Code § 9-104-110 (eff. Mar. 16, 2016). These stated interests promote the welfare of pedestrians, motorists, and other users of public ways. In light of Mehdaoui's significant record of recidivism, we cannot find the sanction of a $2000 fine and revocation of license was arbitrary or capricious or amounted to an abuse of discretion. Accordingly, the circuit court erred in reversing the Department of Administrative Hearings' order.

¶ 21 Upon finding that an administrative agency's sanction was not an abuse of discretion, we would normally reinstate the original sanction imposed by the agency. However, defendants concede that the maximum permissible fine at the time of the offense was $750 for each count, rather than the $1000 imposed by the agency. See City of Chicago Department Of Consumer Services, Public Vehicle Operations Division, Public Chauffeurs Rules and Regulations, R. 16.02 (eff. May 1, 2008) (setting maximum penalty for violation of the rules at $750 and/or license revocation). We accept this concession and modify the fine to $750 for each violation.

¶ 22 CONCLUSION

¶ 23 We reverse the order of the circuit court and affirm the Department of Administrative Hearings' order finding Mehdaoui liable and revoking his chauffeur license. Pursuant to our authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994), we modify the Department's order to reflect the imposition of a fine of $750, rather than $1000, on each of the two violations at issue (counts I and II), for a total fine of $1500. We dismiss the appeal brought by the Department of Administrative Hearings.

¶ 24 Circuit court reversed; administrative agency order affirmed as modified; appeal dismissed in part.